JOHN T. RAFFERTY Admr., vs. POTTER & GARDNER et al.

21  517
22  504

PROVIDENCE—JANUARY 19, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Probate Law and Practice.   Insolvent Estate.*

A bill in equity brought by the administrator of an insolvent estate against the creditors of the estate alleged that the estate was insolvent; that commissioners thereon were appointed; that by accident and mistake the commissioners allowed in some instances claims at a much lower figure than the amounts due said creditors from the intestate at the time of his death, the mistake consisting in allowing the amounts due at the time of this meeting of the commissioners, excluding payments which had been made upon said claims by the complainant administrator between the dates of intestate's death and said meeting.   The estate being insolvent, the result of this mistake was to make the administrator chargeable with the payment of a much larger percentage of creditors' claims than by right he should have been.   The bill prayed that the amount of the claims so incorrectly allowed as alleged might be declared to be the original amount, and the report of the commissioners be reformed in these particulars.   On demurrer :—

*Held,* that the mistake set up in the bill was that of the complainant and not of the commissioners.   The estate being insolvent, the complainant should have presented his claim for the sums he had paid before the commissioners and had it allowed.

*Held,* further, the commissioners having made their report, which had been confirmed; the time for an appeal from the decree confirming their report and the year within which a petition for a new trial might have been filed having elapsed, and no reason being shown why the complainant might not have availed himself of these remedies, equity will grant no relief.

*Held,* further, a bill in equity to reform a judgment cannot be resorted to on the ground of a mistake in cases in which the complainant is himself at fault.

BILL IN EQUITY brought by the administrator of an insolvent estate against the creditors, praying that the report of the commissioners on said estate might be reformed in certain particulars.   Heard on demurrer to bill.   Demurrer sustained.

(1)     MATTESON, C. J.   The mistake set up in the bill as a ground for reforming the judgment of the commissioners, is the mistake of the complainant; and not of the commissioners, as the bill supposes.   The commissioners properly allowed

only the balance remaining due on the claims of the respondents, Potter & Gardner and Hawkins, after deducting from the claims of these creditors as they stood at the decease of the complainant's intestate the sums paid by the complainant. The estate being insolvent, the complainant should have proved his claim for the sums he had paid before the commissioners and had them allowed. *Pierce* v. *Allen*, 12 R. I. 510.

The commissioners having made their report, which has been confirmed; the time for an appeal from the decree confirming their report having elapsed without an appeal, and the year within which the petition for a new trial might have been filed having also elapsed, and no reason being shown why the complainant might not have availed himself of these remedies, we do not see that he has any remedy left. A bill in equity to reform a judgment cannot be resorted to on the ground of a mistake in cases in which complainant is himself at fault. Freeman on Judgments, § 486; and see also 16 Am. & Eng. Enc. of Law, 620–621, and authorities cited in note 4 of the latter page.

Demurrer sustained.

*McGuinness & Doran*, for complainant.

*Richard E. Lyman, Wilson & Jenckes, J. Jerome Hahn, Cooke & Angell*, for respondents.